1  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
   Roman Silberfeld, Bar No. 62783
2  RMSilberfeld@rkmc.com
   David Martinez, Bar No. 193183
3  DMartinez@rkmc.com
   Vincent S. Loh, Bar No. 238410
4  VSLoh@rkmc.com
   2049 Century Park East, Suite 3400
5  Los Angeles, CA  90067-3208
   Telephone:  310-552-0130
6  Facsimile:   310-229-5800

7  Attorneys for Defendants
   BEST BUY STORES, L.P. (erroneously sued and
8  served as Best Buy Co., Inc.) and VIRGIN
   MOBILE USA, INC.
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  KAREN S. an individual,              Case No.  CV 09-04084 AHM (MANx)

14              Plaintiff,               **[Assigned to the Honorable A. Howard Matz]**

15  v.                                   **BEST BUY'S NOTICE OF MOTION
                                         AND MOTION TO DISMISS;**
16  BEST BUY CO., INC. a Minnesota       **MEMORANDUM OF POINTS AND**
    corporation, dba in California as MN **AUTHORITIES**
17  BEST BUY CO., INC.; VIRGIN
    MOBILE USA, INC., a Delaware         **[FRCP Rules 12(b)(2) and 12(b)(6)]**
18  corporation; and DOES 1 through 20,
    inclusive,                           **PORTIONS FILED UNDER SEAL**
19
                Defendants.              Date:    August 24, 2009
20                                       Time:    10:00 a.m.
                                         Place:   Courtroom 14
21

22                                       [[Proposed] Order and Declaration of
                                         Brian Flynn filed concurrently herewith]
23

24  / / /

25

26  / / /

27

28  / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 24, 2009 at 10:00 a.m., or as soon thereafter as the Motion may be heard at the United States District Court, located at 312 N. Spring Street, Courtroom 14, Los Angeles, CA 90012, Defendant Best Buy Stores, L.P. (erroneously sued and served as Best Buy Co., Inc.) (hereinafter "Best Buy") will and hereby does move this Court for an Order:

1.      Dismissing the Complaint with leave to file an Amended Complaint disclosing Plaintiff's name and medical condition; and

2.      Dismissing Plaintiff's first, third, fourth, seventh, ninth, and tenth causes of action for common law intrusion, intentional infliction of emotional distress, fraud, negligent misrepresentation, violation of Civil Code section 56, *et seq*. and unfair business practices (Bus. & Prof. Code § 17200 et seq.), respectively, for failure to state a claim upon which relief can be granted.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) on the grounds that: (1) Plaintiff lacks a basis to fail to disclose her name and medical condition in the Complaint; and (2) the Complaint fails to state viable claims for relief.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Brian Flynn, the [Proposed] Order lodged concurrently herewith, the Court's file on this matter, and upon such further evidence and argument as may be presented prior to or at the time of the hearing on this Motion.

/ / /

/ / /

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

## PRE-MOTION CONFERENCE

2         This Motion is made following the conference of counsel pursuant to L.R. 7-

3   3, which took place on June 17, 2009.

4                          Respectfully submitted,

5   DATED:  July 15, 2009       **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

6

7                          By:    /S/ Roman M. Silberfeld
                              Roman M. Silberfeld

8                          **ATTORNEYS FOR DEFENDANTS**

9                          **BEST BUY STORES, L.P. (erroneously sued
and served as Best Buy Co., Inc.) and VIRGIN
MOBILE USA, INC.**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................1

I.    INTRODUCTION ..................................................................................1

II.   FACTUAL BACKGROUND ...............................................................2

    A.    THE COMPLAINT.....................................................................2

    B.    PLAINTIFF'S APPARENT DISCLOSURE OF HER MEDICAL CONDITION ON BEST BUY'S INTERNAL WIKI WEBSITE........3

III.  PLAINTIFF'S FAILURE TO DISCLOSE HER NAME REQUIRES DISMISSAL OF THE COMPLAINT .................................4

IV.   PLAINTIFF'S FIRST, THIRD, FOURTH, SEVENTH, NINTH AND TENTH CAUSES OF ACTION FAIL TO STATE VIABLE CLAIMS FOR RELIEF..........................................................................................6

    A.    STANDARD OF ANALYSIS ....................................................6

    B.    PLAINTIFF FAILS TO STATE A CLAIM FOR COMMON LAW INTRUSION ..................................................................7

    C.    PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS....................................9

    D.    PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD ...............10

    E.    PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION................................................11

    F.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF CIVIL CODE SECTION 56 ............................................11

    G.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE UCL...................................................................12

        1.    Plaintiff Lacks Standing To Sue Under The UCL ....................12

        2.    Plaintiff's UCL Claim Also Fails For Want of A Remedy .......12

        3.    Plaintiff Fails To Plead Her Claim For Fraudulent Business Practices With The Requisite Specificity ..................................15

V.    CONCLUSION ....................................................................................16

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Aulson v. Blanchard,*
   83 F. 3d 1 (1st Cir. 1996)...........................................................7

*Balistrreri v. Pacifica Police Dept.,*
   901 F. 2d 696 (9th Cir. 1990) ...................................................7

*Brown v. Allstate Ins. Co.,*
   17 F. Supp. 2d 1134 (S.D. Cal. 1998) ...................................9, 10

*Cabral v. County of Glenn,*
   --- F. Supp. 2d ----, 2008 U.S. Dist. LEXIS 93344,
   No. 2:08-cv-00029-MCE (E.D. Cal. March 19, 2009)...........................9

*Cattie v. Wal-Mart Stores, Inc.,*
   504 F. Supp. 2d 939 (S.D. Cal. 2007) ....................................12

*Data Disc, Inc. v. Systems Technology Associates, Inc.,*
   557 F. 2d 1280 (9th Cir. 1977) ...............................................2

*Doe v. Rostker,*
   89 F.R.D. 158 (N.D. Cal. 1981)................................................6

*Does I through XXIII v. Advanced Textile Corp.,*
   214 F. 3d 1058 (9th Cir. 2000) .............................................5, 6

*Glen Holly Entm't, Inc. v. Tektronix, Inc.,*
   100 F. Supp. 2d 1086 (C.D. Cal. 1999) ................................11

*Hirsch v. Arthur Andersen & Co.,*
   72 F. 3d 1085 (2d Cir. 1995) .................................................7

*In re Dynamic Random Access Memory Antitrust Litig.,*
   516 F. Supp. 2d 1072 (N.D. Cal. 2007)..................................9

*Labrador v. Seattle Mortg. Co.,*
   2008 U.S. Dist. LEXIS 90698, No. 08-2270 SC
   (N.D. Cal. Oct. 28, 2008).....................................................15

*Laster v. T-Mobile USA, Inc.,*
   407 F. Supp. 2d 1191 (S.D. Cal. 2005) ................................12

*Lusero v. Marshall,*
   1994 U.S. Dist. LEXIS 15887, No. C 91-387-FMS, * 5
   (N.D. Cal. Nov. 1, 1994) .....................................................14

*Neilson v. Union Bank of Cal., N.A.,*
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ................................11

*Nixon v. Warner Communications, Inc.,*
   435 U.S. 589 (1978)...............................................................6

*Robertson v. Dean Witter Reynolds, Inc.,*
   749 F. 2d 530 (9th Cir. 1984) .................................................7

*Sanders v. Brown,*
   504 F. 3d 903 (9th Cir. 2007) .............................................7, 9

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page**

*Sovereign Gen. Ins. Servs. v. Nat'l Cas. Co.*,
  2008 U.S. Dist. LEXIS 11601, No. 2:06-CV-2725-MCE, * 21
  (E.D. Cal. Feb. 15, 2008) .................................................................. 14

*U.S. Concord, Inc. v. Harris Graphics Corp.*,
  757 F. Supp. 1053 (N.D. Cal. 1991) ................................................. 11

*United States v. Doe*,
  655 F. 2d 920 (9th Cir. 1981) .............................................................. 4

*Vess v. Ciba-Geigy Corp. USA*,
  317 F. 3d 1097 (9th Cir. 2003) ................................................... 10, 15

*W.N.J. v. Yocom*,
  257 F. 3d 1171 (10th Cir. 2001) ..................................................... 5, 6

**State Cases**

*Baxter v. Salutary Sportsclubs*, Inc.,
  122 Cal. App. 4th 941 (2004) ..................................................... 14, 15

*Buckland v. Threshold Enterprises, Ltd.*,
  155 Cal. App. 4th 798 (2007) ............................................................ 12

*Gafcon, Inc. v. Ponsor & Assocs.*,
  98 Cal. App. 4th 1388 (2002) ............................................................ 14

*Gautier v. Gen. Tel. Co.*,
  234 Cal. App. 2d 302 (1965) ............................................................. 10

*Hernandez v. General Adjustment Bureau*,
  199 Cal. App. 3d 999 (1988) ............................................................... 9

*Humphers v. First Interstate Bank of Oregon*,
  298 Or. 706, 696 P.2d 527 (1985) ...................................................... 8

*Korea Supply v. Lockheed Martin*,
  29 Cal. 4th 1134 (2003) .................................................................... 13

*Lazar v. Super. Ct.*,
  12 Cal. 4th 631 (1996) ...................................................................... 10

*Madrid v. Perot Systems Corp.*,
  130 Cal. App. 4th 440 (2005) ............................................................ 12

*Medina v. Safe-Guard Prods.*,
  164 Cal. App. 4th 105 (2008) ............................................................ 12

*Shulman v. Group W Prods., Inc.*,
  18 Cal. 4th 200 (1998) .................................................................... 7, 8

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ............................................................... 10

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1
2

**TABLE OF AUTHORITIES**
**(CONTINUED)**

3

**Statutes**                                                                          **Page**

4
California Business & Professions Code § 17204....................................................12

5
California Business & Professions Code § 17200......................................................1

6
California Civil Code § 56............................................................................1, 11
California Civil Code § 56(f)..........................................................................1

7
California Civil Code § 56.05(g)...................................................................11, 12

8
California Code of Civil Procedure § 1021.5......................................................14, 15

9
Federal Rule of Civil Procedure, Rule 12(b)(2) ....................................................2

10
Federal Rule of Civil Procedure, Rule 12(b)(6) .................................................2, 6

**Other Authorities**

11
12
Schwarzer, Tashima, and Wagstaffe,
   Fed. Civ. Pro. Before Trial, Pleadings § 8:469, p. 8-53
   (The Rutter Group 2009) ...........................................................................5

13
Rest.2d Torts, § 652B..............................................................................7, 8

14
**Rules**

15
Federal Rules of Civil Procedure, Rule 9 ....................................................1, 10, 15

16
Federal Rules of Civil Procedure, Rule 10 ..........................................................5

17
Federal Rules of Civil Procedure, Rule 17(a) .......................................................5

18
19
20
21
22
23
24
25
26
27
28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff has brought a ten count complaint premised on the allegation that Best Buy improperly obtained and disclosed her medical information in the course of a public awareness campaign. *See* Complaint, at ¶¶ 8-14. As set forth below, six of these causes of action fail to state a claim for relief and should be dismissed.

Plaintiff's first cause of action for common law intrusion is not viable because Best Buy did not intrude into Plaintiff's personal solitude. Rather, Plaintiff admits that she voluntarily disclosed her medical condition to Best Buy in 2007, well before the conduct at issue in this Complaint allegedly took place.

Plaintiff's third cause of action for intentional infliction of emotional distress fails because it is defectively premised on the impermissible legal conclusion that Plaintiff suffered "severe emotional distress," and because Plaintiff fails to identify any person at Best Buy who allegedly intended to cause her severe emotional distress.

Plaintiff's fourth and seventh causes of action for fraud and negligent misrepresentation fall far short of meeting the specificity requirements of Rule 9 of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff fails to plead who made the allegedly fraudulent representations, their authority to speak, what they said or wrote, and when it was said or written.

Plaintiff's ninth cause of action for violation of Civil Code section 56, *et seq.* ("Section 56") fails as a matter of law because information about Plaintiff's medical condition does not qualify as "medical information" under the plain meaning of Civil Code Section 56(f).

Plaintiff's tenth cause of action under California's Unfair Competition Law (Business & Professions Code section 17200, *et seq.* ("UCL")) fails for two independent reasons. First, Plaintiff lacks standing to sue under the UCL because

1   she does not allege that she lost any money or property as a result of Best Buy's

2   alleged unfair competition.  Second, the UCL claim fails for want of a remedy.

3   Plaintiff improperly seeks to recover damages, which is an impermissible remedy

4   under the UCL.  Moreover, Plaintiff pleads no facts which would establish an actual

5   case or controversy sufficient to support her claim for injunctive relief.

6          Finally, the entire Complaint is defective because Plaintiff fails to disclose

7   her name and medical condition in the Complaint.  Plaintiff alleges no facts that

8   would permit her to proceed using a pseudonym.  Indeed, while there is no threat to

9   Plaintiff from disclosing her name in this litigation, her failure to do so presents

10  significant prejudice to the Defendants and impairs their ability to defend against

11  Plaintiff's allegations.  Because Plaintiff cannot meet the standard for proceeding

12  anonymously, the Complaint should be dismissed with leave to file an amended

13  pleading disclosing her name and medical condition.  *See* Flynn Decl., at ¶¶ 1-8.[1]

14         For these reasons, Best Buy's Motion should be granted in all respects.

## II.

## FACTUAL BACKGROUND

A.     **THE COMPLAINT**

18         Plaintiff alleges that in or about August 2007 she was diagnosed with a life

19  threatening medical condition (hereinafter, "medical condition").  *See* Complaint, at

20  ¶ 7.  Plaintiff alleges that she subsequently disclosed her condition to Best Buy to

21  obtain a leave of absence.  *Id.* at ¶ 8.  A year later, Best Buy and defendant Virgin

22  Mobile USA, Inc. ("Virgin Mobile") allegedly asked Best Buy employees for

23  written accounts of their personal experiences with the subject medical condition.

24  *Id.* at ¶ 9.  Best Buy and Virgin Mobile worked with a non-profit organization

25  whose aim it was to raise awareness of the medical condition.  *Id.* Best Buy and

---

[1] The Flynn Declaration is submitted exclusively in connection with Plaintiff's use of a pseudonym in the Complaint.  It is well-settled that the Court may consider extrinsic evidence in determining the existence of personal jurisdiction.  *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F. 2d 1280, 1284 (9th Cir. 1977).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  Virgin Mobile sought to display the employees' statements on a display piece in

2  Best Buy's stores. *Id.* at ¶ 10.

3      In response to Best Buy's request, Plaintiff, who is a Best Buy employee,

4  submitted a written account of her medical condition. *Id.* at ¶ 12.  Plaintiff alleges

5  that her decision to submit the statement was made in reliance on Best Buy's

6  representations that it would remain confidential unless selected for publication,

7  and that Best Buy would not publish it unless authorized by Plaintiff. *Id.* at ¶ 11.

8      In or about November 2008, Best Buy allegedly notified Plaintiff that her

9  statement had been selected for publication. *Id.* at ¶ 13.  In January 2009, Plaintiff

10  discovered that her statement was published on a display-piece in Best Buy stores.

11  *Id.* at ¶¶ 15 and 16.

12      Plaintiff alleges that she "was very selective and careful to whom she

13  disclosed the details of her diagnoses and treatment." *Id.* at ¶ 8.  She further alleges

14  that that "[a]part from her son and immediate family members, PLAINTIFF

15  guarded and maintained the privacy" of her diagnosis and treatment "to the best of

16  her ability." *Id.*

17  **B.    PLAINTIFF'S APPARENT DISCLOSURE OF HER MEDICAL**

18  **CONDITION ON BEST BUY'S INTERNAL WIKI WEBSITE**

19      Notwithstanding her allegations that she "was very selective and careful to

20  whom she disclosed the details of her diagnoses and treatment" (*Id.* at ¶ 8), in

21  October, 2008 Plaintiff apparently posted a lengthy message on Best Buy's internal

22  WIKI website disclosing her medical condition to over 109,000 Best Buy

23  employees. *See* Flynn Decl., at ¶¶ 4-6.  Specifically, the posting stated as follows:

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20  *Id.*

21                                    **III.**

22    **PLAINTIFF'S FAILURE TO DISCLOSE HER NAME REQUIRES**

23                 **DISMISSAL OF THE COMPLAINT**

24         It is well-settled that parties are only allowed to use pseudonyms in the

25  "unusual case" where concealing a party's identity is necessary to protect that party

26  from "harassment, injury, ridicule, or personal embarrassment." *United States v.*

27  *Doe*, 655 F. 2d 920, 922, n. 1 (9th Cir. 1981) (using pseudonym because appellant,

28  a prison inmate, "faced a serious risk of bodily harm" if his role as a government

---

witness were disclosed); *see also Does I through XXIII v. Advanced Textile Corp.*, 214 F. 3d 1058, 1067 (9th Cir. 2000). [2]

In determining whether the plaintiff can proceed with a pseudonym or fictitious name, the District Court employs a balancing test that takes into account the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the defendant at each stage of the litigation; and (5) the public's interest in an open court system. *Advanced Textile Corp.*, 214 F. 3d at 1068-1069. Moreover, a plaintiff must first petition the District Court for permission to proceed anonymously. *Yocom*, 257 F. 3d at 1172. The failure to obtain leave of Court leads to dismissal for lack of jurisdiction over the unnamed party. *Id.*

Here, Plaintiff cannot meet the standard for proceeding anonymously. First, there is no risk of harm to Plaintiff. Although she claims she wants to protect her privacy (Complaint, at ¶¶ 1 and 8), Plaintiff has apparently disclosed her medical condition to Best Buy's employees. For this same reason, any purported fear of harm is objectively unreasonable. Moreover, Plaintiff is not vulnerable to retaliation as a result of her medical condition. To the contrary, the posting admits that Best Buy has treated her with "love, concern and compassion." *See* Flynn Decl., at ¶ 4.

---

[2] Rule 10 of the Federal Rules of Civil Procedure provides that the "title of the complaint ***must*** name all the parties …." *Id.* [emphasis added]; Rule 17(a) similarly mandates that "every action shall be prosecuted in the name of the real party in interest." *Id.* Simply put, the "Rules provide no exception that allows parties to proceed anonymously or under fictitious names such as initials." *W.N.J. v. Yocom*, 257 F. 3d 1171, 1172 (10th Cir. 2001); *see also* Schwarzer, Tashima, and Wagstaffe, Fed. Civ. Pro. Before Trial, Pleadings § 8:469, p. 8-53 (The Rutter Group 2009) (explaining that "*the full names of all parties* must be set forth" in the title of the case) (original emphasis).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  On the other hand, Best Buy and Virgin Mobile will clearly suffer prejudice
2  if Plaintiff is allowed to proceed pseudonymously. Indeed, Plaintiff's counsel has
3  threatened Best Buy further litigation if her identity is revealed. *See* Best Buy's
4  Motion to File Under Seal. Defendants are completely hamstrung from conducting
5  discovery if they cannot reveal Plaintiff's identity and/or medical condition to
6  others. Likewise, Best Buy will be forced to incur unnecessary fees and costs by
7  having to file documents under seal, as is done here, to protect Plaintiff's identity.
8  Such costs should not be incurred where Plaintiff has apparently demonstrated a
9  willingness to share her medical condition with over a hundred-thousand
10  individuals.

11  Finally, the public's interest is best served by disclosing Plaintiff's name.
12  *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981) ("[Rule 10] serves to apprise
13  the parties of their opponents, and it protects the public's legitimate interest in
14  knowing all the facts and events surrounding court proceedings."); *see also Nixon v.*
15  *Warner Communications, Inc.*, 435 U.S. 589, 598-599 (1978); *Advanced Textile*,
16  214 F. 3d at 1067.

17  For all these reasons, Plaintiff should be required to amend the Complaint to
18  disclose her full name and medical condition. *Yocom*, 257 F. 3d at 1172.

19  **IV.**
20  **PLAINTIFF'S FIRST, THIRD, FOURTH, SEVENTH, NINTH**
21  **AND TENTH CAUSES OF ACTION FAIL TO STATE**
22  **VIABLE CLAIMS FOR RELIEF**
23  **A.    STANDARD OF ANALYSIS**
24  Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a
25  complaint, or an individual claim, fails to state a claim for which relief can be
26  granted. *Id.* A complaint fails to state a cognizable claim when it fails to allege the
27  ultimate facts. *See Balistrreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir.
28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1990); *Robertson v. Dean Witter Reynolds, Inc*., 749 F. 2d 530, 533-34 (9th Cir. 1984).

Further, while the Court must accept as true a plaintiff's factual allegations, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co*., 72 F. 3d 1085, 1092 (2d Cir. 1995).  Moreover, "[g]eneral, conclusory allegations need not be credited ... when they are belied by more specific allegations of the complaint." *Id.*; *see also Sanders v. Brown*, 504 F. 3d 903, 910 (9th Cir. 2007) ("Conclusory allegations and unreasonable inferences … are insufficient to defeat a motion to dismiss."); *Aulson v. Blanchard*, 83 F. 3d 1, 3 (1st Cir. 1996) (explaining that courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.").

## B.   PLAINTIFF FAILS TO STATE A CLAIM FOR COMMON LAW INTRUSION

Plaintiff's first cause of action for common law intrusion fails because Plaintiff admits that she voluntarily disclosed her medical condition to Best Buy in 2007, well before the 2008 awareness promotion.  *See* Complaint, at ¶¶ 7-9.  In *Shulman v. Group W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998), the California Supreme Court explained that:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Id.*, *citing* REST.2D TORTS, § 652B.  Thus, "the action for intrusion has two elements: (1) intrusion into a private place, conversation or matter; and (2) in a manner highly offensive to the reasonable person." *Id.*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   It is equally well-settled that publication to third parties is irrelevant to a

2   claim for common law intrusion.[3]  Instead:

3   > [T]he plaintiff must show the defendant penetrated some
4   > zone of physical or sensory privacy surrounding, or
> obtained unwanted access to data about, the plaintiff. The
5   > tort is proven only if the plaintiff had an objectively
> reasonable expectation of seclusion or solitude in the
6   > place, conversation or data source.

7   *Shulman,* 18 Cal. 4th at 232.

8   Here, Plaintiff's judicial admissions in the Complaint establish that she

9   cannot plead a claim for common law intrusion as a matter of law.  Indeed, Plaintiff

10  admits that she freely disclosed the details of her medical condition to Best Buy in

11  2007, well before she participated in the awareness promotion in 2008.  *Id.* at ¶¶ 7-

12  9.  Thus, when Plaintiff submitted her statement to Best Buy in 2008, Plaintiff

13  could have no expectation of privacy as to Best Buy.  *See Humphers v. First*

14  *Interstate Bank of Oregon*, 298 Or. 706, 717, 696 P. 2d 527 (1985) (no viable claim

15  for intrusion where doctor did not "pry into any personal facts that he did not

16  know", but rather disclosed confidential and private medical information that had

17  been previously disclosed to him by the plaintiff).

18  As the *Humphers* Court explained:

19  > "The point of the claim against Dr. Mackey is not that he
20  > pried into a confidence but that he failed to keep one.  If
> Dr. Mackey incurred liability beyond that, it must result
21  > from an obligation of confidentiality beyond any general
> duty of people at large not to invade one another's space."

22  *Id.* (noting that plaintiff had stated a viable claim for disclosure of private facts, but

23  not for common law intrusion).

24  As in these cases, Plaintiff's claim is not that Best Buy improperly intruded

25  into her private information, but that Best Buy improperly disclosed it.  *See*

26  _____
[3] *See* REST.2D TORTS, § 652B, Comment a ("The form of invasion of privacy
27  covered by this section does not depend upon any publicity given to the person
whose interest is invaded or to his affairs."); *see also Shulman,* 18 Cal. 4th at 214-
28  231 (distinguishing between claim for common law intrusion and public disclosure
of private facts as separate and distinct torts).

1   Complaint, at ¶¶ 7-9.  As a matter of law, these allegations do not state a cause of

2   action for intrusion.  Given Plaintiff's admission that she voluntarily disclosed her

3   medical condition to Best Buy, no amendment can remedy this essential defect.  As

4   such, this claim should be dismissed without leave to amend.  *See In re Dynamic*

5   *Random Access Memory Antitrust Litig.,* 516 F. Supp. 2d 1072, 1083 (N.D. Cal.

6   2007) (leave to amend properly denied where amendment would be futile), *citing*

7   *Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir. 1994) (same).

8   **C.     PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL**

9   **        INFLICTION OF EMOTIONAL DISTRESS**

10          Plaintiff's third cause of action for intentional infliction of emotional distress

11   fails because Plaintiff fails to plead any ultimate facts establishing that she suffered

12   severe emotional distress.  See *Hernandez v. General Adjustment Bureau*, 199 Cal.

13   App. 3d 999, 1007 (1988).  Instead, Plaintiff merely sets forth the legal conclusion

14   that she "suffered severe emotional distress as a proximate result of Defendants'

15   outrageous conduct."  *See* Complaint, at ¶ 36.

16          This legal conclusion is patently insufficient.  *See Sanders v. Brown*, 504 F.

17   3d 903, 910 (9th Cir. 2007) ("Conclusory allegations and unreasonable inferences

18   … are insufficient to defeat a motion to dismiss."); *Cabral v. County of Glenn*, ---

19   F. Supp. 2d ----, 2008 U.S. Dist. LEXIS 93344, No. 2:08-cv-00029-MCE, * 10

20   (E.D. Cal. March 19, 2009) ("Plaintiff's conclusory allegations as to the severe

21   emotional distress he allegedly suffered as a result of Officer Dahl's actions during

22   the cell extraction are insufficient to state a claim."); *Brown v. Allstate Ins. Co.*, 17

23   F. Supp. 2d 1134, 1139 (S.D. Cal. 1998) (dismissing claim and holding that

24   plaintiff's allegation of "severe emotional suffering" was conclusory and

25   insufficient to state a claim for intentional infliction of emotional distress).

26          This cause of action also fails because Plaintiff fails to plead that any specific

27   individual at Best Buy intentionally inflicted emotional distress upon her.  *See*

28   *Brown*, *supra*, 17 F. Supp. 2d at 1139 ("[T]he Court also dismisses this claim on the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   ground that Plaintiff has not specified which individual, or individuals, committed

2   this alleged tort. '[A] corporation is a fictitious legal person . . . [that] can act only

3   through its duly constituted organs, primarily its board of directors.' [Citations]

4   Because Allstate as a corporation is incapable of committing these wrongs, Plaintiff

5   fails to state a claim against Allstate.").  For this additional reason, this cause of

6   action should be dismissed.

7   **D.    PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD**

8       Plaintiff's fourth cause of action for fraud and deceit fails for lack of

9   particularity.  *See* Fed. R. Civ. Proc., Rule 9; *Vess v. Ciba-Geigy Corp. USA*, 317 F.

10  3d 1097, 1103 (9th Cir. 2003); *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 645 (1996).  As

11  the *Lazar* Court explained:

12      This particularity requirement necessitates pleading facts
        which 'show how, when, where, to whom, and by what
13      means the representations were tendered.' [Citations].  **A
        plaintiff's burden in asserting a fraud claim against a
14      corporate employer is even greater.  In such a case, the
        plaintiff must allege the names of the persons who
15      made the allegedly fraudulent representations, their
        authority to speak, to whom they spoke, what they
16      said or wrote, and when it was said or written**.

17  *Id.* [emphasis added], *citing Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.

18  App. 4th 153, 157 (1991) (dismissing fraud claim against corporate defendant

19  without leave to amend for failure to meet heightened pleading standard.); *see also*

20  *Gautier v. Gen. Tel. Co.*, 234 Cal. App. 2d 302, 308 (1965) (same).[4]

21      Here, as in *Tarmann, Gautier* and *Vess*, Plaintiff fails to allege "the names of

22  the persons who made the allegedly fraudulent representations, their authority to

23  speak, to whom they spoke, what they said or wrote, and when it was said or

24  written."  Instead, Plaintiff simply alleges that Best Buy engaged in fraud.  *See*

25  Complaint, at ¶¶ 9, 40, 42, 44.  This is insufficient to state a claim for fraud against

26  Best Buy.  *Gautier*, *supra*; *Tarmann, supra; Vess, supra; see also Brown, supra,* 17

27  
─────────────────

28  [4] Federal Courts look to state law "to determine whether the elements of fraud have
    been pled sufficiently to state a cause of action.  *See Vess*, *supra*, 317 F. 3d at 1103.

*Vertical left margin:* ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

F. Supp. 2d at 1139 (corporation is a fictitious legal person; failure to allege facts showing which individual within corporation committed specific tort requires dismissal of claim).

For all these reasons, Plaintiff's fraud claim should be dismissed.

## E.   PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION

Plaintiff's seventh cause of action for negligent misrepresentation also fails for lack of particularity.  *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement"); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) (same); *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1058 (N.D. Cal. 1991) ("Defendant further asserts that the negligent misrepresentation claim fails to satisfy Rule 9(b)'s particularity requirements. The point is well-taken. Since the claim is based upon the same flawed allegations of misrepresentation as the fraud count, it, too, fails for lack of specificity").  As such, the negligent misrepresentation claim must be dismissed.

## F.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF CIVIL CODE SECTION 56

Plaintiff's ninth cause of action for violation of Section 56 of the Civil Code fails because Plaintiff's medical condition does not qualify as "medical information" under the plain meaning of that statute.  Specifically, Section 56.05(g) defines "medical information" as follows:

> "Medical information" means any individually identifiable information, in electronic or physical form, **in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor** regarding a patient's medical history, mental or physical condition, or treatment."

*Id.* [emphasis added].

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Here, Plaintiff does not allege (nor can she), that Best Buy is a health care provider, a health care service plan, a pharmaceutical company or a contractor under Section 56.05(g). Moreover, Plaintiff admits that she, and not a medical provider or other medical entity, disclosed her medical information to Best Buy. *See* Complaint, at ¶¶ 8-12. Under the plain meaning of Section 56.05(g), Plaintiff simply lacks standing to sue under Section 56 as a matter of law. As such, the ninth cause of action must be dismissed.

## G. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE UCL

### 1. Plaintiff Lacks Standing To Sue Under The UCL

With the passage of Proposition 64, Business and Professions Code section 17204 was amended to require that "Actions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General … or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." *Id.* Thus, it is now well-established that for a plaintiff to maintain a cause of action for violations of the UCL, she must plead that she lost money or property as a result of the alleged violations. *Medina v. Safe-Guard Prods.*, 164 Cal. App. 4th 105, 114-115 (2008); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1191, 1194 (S.D. Cal. 2005).[5] Here, because Plaintiff fails to allege that she "has lost money or property as result of the unfair competition," her UCL claim fails. *See* Bus. & Prof. Code § 17204; *cf.* Complaint, at ¶¶ 84-89.

### 2. Plaintiff's UCL Claim Also Fails For Want of A Remedy

Plaintiff's claim under the UCL also fails because she alleges no facts establishing entitlement to any UCL remedy. *See Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 467 (2005) (failure to state viable remedy required dismissal

---

[5] *See also Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 948-949 (S.D. Cal. 2007); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 815-816 (2007).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    of UCL claim).  First, Plaintiff improperly seeks to recover damages under the

2    charade of "restitution and disgorgement."  *See* Complaint, at ¶ 87.  Specifically,

3    Plaintiff alleges that:

4              "As a result of Defendants' unlawful, unfair and/or
               fraudulent business practices, Defendants have been
5              unjustly enriched at Plaintiff's expense.  Plaintiff is
               entitled to restitution and disgorgement of Defendant's
6              [sic] profits unlawfully gained using Plaintiff's medical
               information."
7

8    *Id.*

9              This is nothing more than a disguised claim for damages, which are not

10   recoverable under the UCL.  *See Korea Supply v. Lockheed Martin*, 29 Cal. 4th

11   1134, 1150 (2003) (holding that remedy of "nonrestitutionary disgorgement" is not

12   available under the UCL).  Indeed, while Business and Professions Code section

13   17203 authorizes a court to restore to any person in interest any property acquired

14   by means of unfair competition, a UCL defendant is not subject to disgorgement of

15   moneys unless such moneys were taken from the Plaintiff or unless the Plaintiff has

16   an ownership interest in them.  Indeed, disgorgement of profits in the absence of an

17   ownership interest goes beyond the restitution that is authorized by section 17203.

18   *See Korea Supply*, *supra*, 29 Cal. 4th at 1150 ("The remedy sought by plaintiff in

19   this case is not restitutionary because plaintiff does not have an ownership interest

20   in the money it seeks to recover from defendants.").  Here, because Plaintiff does

21   not allege that Best Buy took any money from Plaintiff, her claim for restitutionary

22   disgorgement fails.

23             Plaintiff's claim for injunctive relief is similarly without merit as a matter of

24   law.  Although Plaintiff seeks an injunction prohibiting Best Buy from continuing

25   to use her "story or likeness" (Complaint, at ¶ 88), Plaintiff does not allege (nor

26   could she) that Best Buy is currently using her name or likeness or that the subject

27   awareness promotion is even ongoing.  Lacking such allegations, Plaintiff does not

28   plead any requisite claim or controversy sufficient to support any claim for

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   injunctive relief.  *See Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388,

2   1403 (2002) ("Unless there is a showing that the challenged action is being

3   continued or repeated, an injunction should be denied.  Whether the issue presented

4   by Gafcon's complaint will ever arise again …. is highly speculative.  Under these

5   circumstances, the court should not intervene to exercise its injunctive powers.");

6   *Sovereign Gen. Ins. Servs. v. Nat'l Cas. Co.*, 2008 U.S. Dist. LEXIS 11601, No.

7   2:06-CV-2725-MCE, * 21 (E.D. Cal. Feb. 15, 2008) ("The matter is moot, and for

8   injunctive relief to lie, there must be a threat of ongoing harm which is not present

9   here."); *Lusero v. Marshall*, 1994 U.S. Dist. LEXIS 15887, No. C 91-387-FMS, * 5

10  (N.D.Cal. Nov. 1, 1994) ("Similarly, prospective injunctive relief must depend not

11  on the past, but on present and future circumstances.").

12      Finally, Plaintiff prays for attorney's fees as a "private attorney general for

13  the State of California."  *Id.* at ¶ 89.  In order to state a claim for attorney's fees as a

14  private attorney general, Plaintiff must allege that she seeks to confer "a significant

15  benefit, whether pecuniary or nonpecuniary, … on the general public or a large

16  class of persons.  *See* Code Civ. Proc. § 1021.5 (setting forth standard for recovery

17  as private attorney general) [6]; *see also Baxter v. Salutary Sportsclubs*, Inc., 122 Cal.

18  App. 4th 941, 945 (2004) (rejecting claim that the correction of a statutory violation

19  confers benefit on general public sufficient to state a claim for fees under Section

20  1021.5, and noting that, "The statute specifically provides for an award only when

21  the lawsuit has conferred 'a significant benefit' on 'the general public or a large

22  class of persons.'").

23

---

24  [6] Section 1021.5 provides as follows:  "Attorney fees in cases resulting in public

25  benefit. Upon motion, a court may award attorneys' fees to a successful party
    against one or more opposing parties in any action which has resulted in the
    enforcement of an important right affecting the public interest if: (a) a significant

26  benefit, whether pecuniary or nonpecuniary, has been conferred on the general
    public or a large class of persons, (b) the necessity and financial burden of private

27  enforcement, or of enforcement by one public entity against another public entity,
    are such as to make the award appropriate, and (c) such fees should not in the

28  interest of justice be paid out of the recovery, if any."

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   Plaintiff alleges no facts that would remotely entitle her to attorneys' fees

2   under Section 1021.5.  To the contrary, the Complaint affirmatively establishes that

3   Plaintiff seeks relief on behalf of no one other than herself.  *See* Complaint, at

4   Prayer.  Under these circumstances, Plaintiff cannot recover fees as a "private

5   attorney general" as a matter of law.  *See* Code Civ. Proc. § 1021.5; *Baxter*, 122 Cal

6   App 4th at 945.

7   Moreover, Business and Professions Code section 17203 does not authorize

8   an award of attorney's fees to a successful plaintiff.  *Id.* This is especially true after

9   the passage of Proposition 64, which abrogated the private attorney general doctrine

10  in UCL actions by limiting suits to plaintiffs who actually lost money or property as

11  a result of unfair competition.  As already explained above, Plaintiff cannot make

12  this showing here.

13  For all these reasons, Plaintiff's claim for unfair business practices should be

14  dismissed.

15  **3.    Plaintiff Fails To Plead Her Claim For Fraudulent Business**

16  **Practices With The Requisite Specificity**

17  As with her claims for negligent and intentional fraud, Plaintiff's claim for

18  fraudulent business practices fails for lack of specificity.  *See*, *supra*, Section IV.D;

19  *see also Labrador v. Seattle Mortg. Co.*, 2008 U.S. Dist. LEXIS 90698, No. 08-

20  2270 SC, ** 11-12 (N.D. Cal. Oct. 28, 2008) (dismissing claim for unfair business

21  practices given failure to meet FRCP Rule 9's particularity standard), *citing Vess*,

22  317 F.3d 1097 at 1106.  For this additional reason, this claim should be dismissed.

23

24

25  / / /

26  / / /

27  / / /

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## V.

## CONCLUSION

For all the foregoing reasons, Best Buy's Motion to Dismiss should be granted in all respects.

Respectfully submitted,

DATED:  July 15, 2009        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:    /S/ Roman M. Silberfeld
       Roman M. Silberfeld

**ATTORNEYS FOR DEFENDANTS**
**BEST BUY STORES, L.P. (erroneously sued**
**and served as Best Buy Co., Inc.) and VIRGIN**
**MOBILE USA, INC.**

60297329.3                    - 16 -            BEST BUY'S MOTION TO DISMISS